**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THYSSENKRUPP USA, INC. AND SUBSIDIARIES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DOCKET NO. 07-529 T |
| | § | Judge Mary Ellen Coster Williams |
| THE UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

AMENDED COMPLAINT

Plaintiff, ThyssenKrupp USA, Inc. and Subsidiaries ("TKUSA" or "Plaintiff"), brings this action against Defendant, the United States of America, for a refund of deficiency interest and for the payment of additional overpayment interest owed to Plaintiff for its tax year ending September 30, 2000 ("2000 tax year"), as follows:

IDENTITY OF THE PARTIES

1. TKUSA is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 3155 W. Big Beaver Road, Troy, Michigan 48084. TKUSA's taxpayer identification number is 22-2393554.

2. TKUSA timely filed Form 1120, U.S. Corporation Income Tax Return, for its 2000 tax year (the "2000 tax return") with the Internal Revenue Service Center in Detroit, Michigan. The following name, address, and employer identification number appeared on the 2000 tax return:

ThyssenKrupp USA, Inc.
3155 W. Big Beaver Rd., PO Box 5084
Troy, Michigan 48007-5084
Employer Identification Number: 22-2393554.

3. Defendant is the United States of America.

## JURISDICTION

4. Subject matter jurisdiction over Plaintiff's claims is conferred upon this Court by virtue of sections 1346(a)(1) and 1491 of Title 28 of the United States Code and section 7422 of the Internal Revenue Code (the "Code"). This action is a civil action against the United States (a) for the recovery of deficiency interest erroneously and illegally collected and (b) for the recovery of overpayment interest due and owing to Plaintiff based upon a claim against the United States founded upon an act of Congress and a regulation of an executive department.

5. TKUSA timely filed its 2000 tax return and requested a refund for a portion of the overpayment of tax reflected on the 2000 tax return. TKUSA requested that the remainder of the overpayment be applied to estimated taxes for the next succeeding tax year ending September 30, 2001 ("2001 tax year").

6. On or about August 17, 2001, and October 12, 2001, the Internal Revenue Service (the "IRS") issued refunds for TKUSA's 2000 tax year (the "2001 refunds"). The IRS applied the remainder of the overpayment to TKUSA's 2001 tax year.

7. On or about July 20, 2005, TKUSA made a payment of $3,633,936, for the 2000 tax year.

8. On or about February 20, 2006, the IRS assessed a deficiency for the 2000 tax year in the amount of $5,629,459 (the "2006 assessment") plus interest.

9. TKUSA's claim concerns Defendant's failure (a) to suspend deficiency interest to December 15, 2001, on the underpayment resulting from the 2006 assessment and (b) to pay overpayment interest on the 2001 refunds from the date of overpayment of December 15, 2000.

10. On March 9, 2007, Plaintiff timely filed with the IRS in Ogden, Utah a claim for refund for its 2000 tax year in the amount of $1,379,559, computed as of February 28, 2007 (the "2007 refund claim"). The 2007 refund claim is attached hereto as Exhibit A.

11. The IRS received the 2007 refund claim on March 12, 2007, and has not rendered a decision on such claim or mailed to Plaintiff by certified or registered mail a notice of disallowance.

12. This Complaint is timely filed because it is filed more than six months from when the 2007 refund claim was filed and within six years from when the 2001 refunds were allowed and the cause of action first accrued. I.R.C. § 6532(a); 28 U.S.C. §§ 2401, 2501.

## STATUTORY BASIS FOR THE SUIT

13. TKUSA brings this suit to recover from Defendant underpayment interest (also referred to as deficiency interest) erroneously assessed and collected under section 6601 of the Code, plus interest allowed thereon under section 6611 of the Code, for the 2000 tax year.

14. TKUSA also brings this suit to recover from Defendant additional overpayment interest (also referred to as statutory interest) allowable for Plaintiff's 2000 income tax year under section 6611 of the Internal Revenue Code.

## GROUNDS FOR RELIEF

15. The original due date of TKUSA's 2000 tax return was December 15, 2000. TKUSA timely filed an application for an automatic extension of time to file its 2000 tax return, which the IRS received on December 14, 2000. The extended due date of TKUSA's 2000 tax return was June 15, 2001.

16. On June 15, 2001, TKUSA timely filed its 2000 tax return, reflecting a tax liability of $19,792,828 and an overpayment of $35,891,031. On the 2000 tax return, TKUSA requested that $7,000,000 of the overpayment reflected on its 2000 tax return be credited to estimated tax for its 2001 tax year (the 2000 "credit elect transfer") and that the remaining $28,891,031 be refunded (the "2000 return overpayment"). There was also an additional

overpayment credit from TKUSA's tax year ending September 30, 1999, of $3,410,264 that was applied to the 2000 tax year as of December 15, 2000 (the "2000 credit overpayment").

17. *Overpayment interest.* Defendant owes TKUSA additional overpayment interest because Defendant erroneously failed to calculate overpayment interest from the proper start date of December 15, 2000, as follows:

a. The 2000 return overpayment and the 2000 credit overpayment were all made by December 15, 2000, the original due date of the return.

b. TKUSA's 2000 tax return was filed in processible form in accordance with the requirements of Section 6611(g) of the Code.

c. The IRS issued refunds for the 2000 return overpayment on or about August 17, 2001, and for the 2000 credit overpayment on or about October 12, 2001. These refunds were made more than 45 days after TKUSA filed its 2000 tax return on June 15, 2001.

d. The refunds of the 2000 return overpayment made on or about August 17, 2001, in the total amount of $29,128,257 included $237,226 of interest for the period from June 15, 2001, to August 17, 2001. The IRS issued three refunds, each in the amount of $9,709,419 and consisting of an overpayment of tax of $9,630,344 and overpayment interest of $79,075. The IRS erroneously failed to accrue and pay overpayment interest on the 2000 return overpayment from December 15, 2000, to June 15, 2001.

e. The refund of the 2000 credit overpayment made on or about October 12, 2001, in the amount of $3,442,790 consisted of an overpayment of tax of $3,410,264 and overpayment interest of $32,526 for the period from July

27, 2001, to October 12, 2001. The IRS erroneously failed to accrue and pay overpayment interest on the 2000 credit overpayment from December 15, 2000, to July 27, 2001.

f. Under Section 6611 of the Code and the regulations thereunder, overpayment interest was due TKUSA on the 2000 return overpayment and on the 2000 credit overpayment, which total $32,301,295, beginning from December 15, 2000.

g. The correct amount of overpayment interest for TKUSA's 2000 tax year is $1,454,295, computed as of September 30, 2007, as shown on Plaintiff's Computation attached hereto as Exhibit B.

18. *Underpayment Interest.* Defendant owes TKUSA a refund of deficiency interest because Defendant erroneously failed to suspend underpayment interest for the 2000 tax year to December 15, 2001, as follows:

a. None of the 2000 credit elect transfer was needed as a payment of estimated tax for the 2001 tax year to avoid a penalty under Section 6655 of the Code.

b. The 2000 credit elect transfer was applied to the 2001 tax year as of December 15, 2001.

c. Under Revenue Ruling 99-40, 1999-2 C.B. 441, the 2000 credit elect transfer suspends interest on the underpayment arising from the 2006 assessment to the date when it was applied to the 2001 tax year, or December 15, 2001.

d. The correct amount of deficiency interest for TKUSA's 2000 tax year is $321,184, computed as of September 30, 2007, as shown on Plaintiff's Computation attached hereto as Exhibit B.

19. In accordance with Revenue Ruling 99-40, the underpayment arising from the 2006 assessment is offset by the 2000 credit elect transfer, and no deficiency interest accrues on such underpayment from December 15, 2000, to December 15, 2001. Overpayment interest accrues on an overpayment of $32,301,295 from December 15, 2000, to August 17, 2001, and on an overpayment of $3,410,264 from August 17, 2001 to October 12, 2001.

20. Defendant owes TKUSA a refund of $210,649 of deficiency interest, computed as of September 30, 2007, as shown on Plaintiff's Computation attached hereto as Exhibit B.

21. Defendant owes TKUSA additional overpayment interest of $1,214,118, computed as of September 30, 2007, for the 2000 tax year, as shown on Plaintiff's Computation attached hereto as Exhibit B.

WHEREFORE, Plaintiff prays for judgment against the United States upon the facts and the law in the amount of $1,424,767, plus additional interest as provided by law, or such amount as may be legally payable, and such other relief as the Court deems appropriate.

Dated this 25th day of October, 2007.

Respectfully submitted,

Mary A. McNulty

Mary A. McNulty
Attorney of Record

Thompson & Knight L.L.P.
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Voice: (214) 969-1187
Fax: (214) 880-3182
Email: mary.mcnulty@tklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Amended Complaint was mailed to Defendant on October 25, 2007, by first class mail, postage prepaid, to the person listed below:

W.C. Rapp
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P. O. Box 26
Ben Franklin Station
Washington, D.C. 20044
Fax: 202-514-9440

Mary A. McNulty
Attorney of Record for Plaintiff

Thompson & Knight L.L.P.
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone: (214) 969-1187
Fax: (214) 880-3182