**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THYSSENKRUPP USA, INC. AND SUBSIDIARIES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 07-529T** |
| **v.** | ) | **The Honorable Mary Ellen Coster Williams** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## ANSWER TO THE AMENDED COMPLAINT

Defendant, the United States, by way of answer to the amended complaint in the above-captioned case, respectfully denies each and every allegation contained therein not admitted or expressly referred to below.

Defendant further:

1. Admits the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2, except avers that the allegation of timely filing is a legal conclusion, to which no response is required.

3. Admits the allegations contained in paragraph 3.

4. Admits that paragraph 4 includes an accurate description of plaintiff's claim against the United States. Avers that jurisdiction, if it exists, is by virtue of 28 U.S.C. § 1491.

5. Admits the allegations contained in paragraph 5, except avers that the allegation of timely filing is a legal conclusion, to which no response is required.

6. Admits the allegations contained in paragraph 6. Avers that on or about August 17, 2007, defendant made three refunds, each in the amount of $9,709,419, each of which consisted of overpayment interest in the amount of $79,075 and tax in the amount of $9,630,344, for a total refund of $29,128,257, consisting of overpayment interest in the amount of $237,225, and tax in the amount of $28,891,032. Avers that on or about October 12, 2001, defendant refunded to plaintiff $3,442,790, consisting of overpayment interest in the amount of $32,526, and tax in the amount of $3,410,264.

7. - 8. Admits the allegations contained in paragraphs 7 and 8.

9. Admits that paragraph 9 includes an accurate statement of plaintiff's claim against the United States.

10. Admits the allegations contained in paragraph 10, including the authenticity of Exhibit A to the complaint, except avers that the allegation of timely filing is a legal conclusion, to which no response is required.

11. Admits the allegations contained in paragraph 11.

12. Avers that the allegations contained in paragraph 12 are legal conclusions, to which no response is required.

13. Admits that paragraph 13 includes an accurate statement of plaintiff's claim against the United States. Avers that the allegation of an amount was erroneously assessed or collected is a legal conclusion, to which no response is required.

14. Admits that paragraph 14 includes an accurate statement of plaintiff's claim against the United States. Avers that the allegation that additional statutory interest is allowable is a legal conclusion, to which no response is required.

15. Admits the allegations contained in paragraph 15, except the allegation of timely filing, which is a legal conclusion, to which no response is required.

16. Admits the allegations contained in paragraph 16, except the allegation of timely filing, which is a legal conclusion, to which no response is required. Avers that the amount of the credit referenced in paragraph 16 was $3,526,451. Denies that said credit was applied as of December 15, 2000.

17. Avers that the allegations contained in the introductory clauses of paragraph 17 are legal conclusions, to which no response is required.

a. - b. Avers that the allegations contained in paragraphs 17(a) and(b) are legal conclusions, to which no response is required.

c. Admits the allegations contained in the first sentence of paragraph 17(c), except avers that defendant is presently without knowledge sufficient to form a belief of the truth of the allegations that one refund was "for the 2000 return overpayment" while the other was "for the 2000 credit overpayment." Admits that both August 17, 2001, and October 12, 2001, are more than 45 days after June 15, 2001. Avers that refunds were made in the amounts as set out in paragraph 6, above.

d. Admits the allegations contained in the first sentence of paragraph 17(d), except avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations that the refunds constituted "the 2000 return overpayment" and that interest was paid between June 15, 2001 and August 17, 2001. Admits the allegations contained in the second sentence of paragraph 17(d). Avers that the allegations contained in the last sentence of

paragraph 17(d) are legal conclusions, to which no response is required.

e. Admits the allegations contained in the first sentence of paragraph 17(e), except avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations that the refund constituted "the 2000 credit overpayment" and that interest was paid between July 27, 2001 and October 12, 2001. Avers that the allegations contained in the last sentence of paragraph 17(e) are legal conclusions, to which no response is required.

f. - g. Avers that the allegations contained in paragraphs 17(f) and (g) are legal conclusions, to which no response is required.

18. Avers that the allegations contained in the introductory clauses of paragraph 18 are legal conclusions, to which no response is required.

a. Avers that the allegations contained in paragraph 18(a) are legal conclusions, to which no response is required.

b. Denies the allegation contained in paragraph 18(b).

c. - d. Avers that the allegations contained in paragraphs 18(c) and (d) are legal conclusions, to which no response is required.

19. - 21. Avers that the allegations contained in paragraphs 19 through 21 are legal conclusions, to which no response is required.

WHEREFORE, defendant prays the complaint be dismissed, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

RICHARD T. MORRISON
*Acting Assistant Attorney General*
DAVID D. GUSTAFSON
*Chief, Court of Federal Claims Section*
MARY M. ABATE
*Assistant Chief, Court of Federal Claims Section*

January 14, 2008

s/ Mary M. Abate
Of Counsel